IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JIM'S MAINTENANCE & SONS, INC., et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. CIV-08-1084-M |
| TARGET CORPORATION, et al., | ) ) ) |
| Defendants. | ) |

## ORDER

Before the Court is plaintiffs' Motion for Dismissal Without Prejudice, filed December 8, 2008. On December 24, 2008, defendant Target Corporation ("Target") filed its response.

In their motion, plaintiffs move to dismiss without prejudice the following claims: (1) slander/defamation; (2) outrage; (3) intentional interference with business relationship; (4) false light invasion of privacy; (5) fraud; (6) constructive fraud; (7) negligent misrepresentation; and (8) deceit. In its response, Target objects to dismissing these claims without prejudice and contends that the claims should be dismissed with prejudice. Specifically, Target asserts that plaintiffs have not set forth a sufficient basis warranting dismissal of their claims without prejudice. Target further asserts that by allowing plaintiffs to dismiss these claims without prejudice, it would be subjected to the potential unwarranted expense and burden of discovery on claims that plaintiffs concede are highly unlikely to ever be resurrected and which defendant has demonstrated are due to be dismissed on the merits.

> [The Tenth Circuit has] adopted the following as relevant factors the district court should consider in ascertaining the "legal prejudice" the opposing party might suffer if the district court grants a motion to dismiss without prejudice: the opposing party's effort and expense in preparing for trial, excessive delay and lack of diligence on the part of the movant, and insufficient explanation of the need for a

> dismissal. A district court may also consider the present stage of litigation. These factors need not all be resolved in favor of the moving party for dismissal to be appropriate; likewise, they need not all be resolved in favor of the party opposing the motion to dismiss. Further, they are not exclusive; rather, they are guides for the district court.

*Phillip USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 358 (10th Cir. 1996) (internal quotations and citations omitted).

Having considered the above factors, the Court finds that the subject claims should be dismissed without prejudice. Specifically, the Court finds that because this case is in the very early stages of litigation there will be minimal prejudice to Target because there has not been a great deal of effort or expense expended in preparing for trial to this point. Further, the Court does not find any excessive delay or lack of diligence on the part of plaintiffs. Additionally, the Court finds that Target will not be subjected to any potential unwarranted expense and burden from discovery relating to these claims because any information sought through discovery as to these claims would not be relevant and, thus, discovery would not be warranted. Finally, the Court finds that the fact that there is a pending dispositive motion regarding these claims and any lack of sufficiency in plaintiffs' explanation of the need for dismissal are not sufficient to warrant dismissing these claims with prejudice.

Accordingly, the Court GRANTS plaintiffs' Motion For Dismissal Without Prejudice [docket no. 23] and DISMISSES without prejudice the following claims: (1) slander/defamation;

(2) outrage; (3) intentional interference with business relationship; (4) false light invasion of privacy; (5) fraud; (6) constructive fraud; (7) negligent misrepresentation; and (8) deceit.

**IT IS SO ORDERED this 24th day of September, 2009.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE