**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JIM'S MAINTENANCE & SONS, INC., | ) | |
| et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-08-1084-M |
| | ) | |
| TARGET CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

Before the Court is defendant Target Corporation's ("Target") Motion for Partial Dismissal,

Motion for Partial Summary Judgment, filed November 4, 2008.  On December 8, 2008, plaintiffs

filed their response, and on December 31, 2008, Target filed its reply.[1]

Target asserts that the Claims should be dismissed because plaintiff Jim's Maintenance &

Sons, Inc. ("Jim's Maintenance") failed to assert these Claims as compulsory counterclaims (cross-

claims) to Target's cross claims against Jim's Maintenance in either of the Fair Labor Standards Act

lawsuits filed by former Jim's Maintenance employees against Jim's Maintenance and Target

("FLSA Lawsuits").  Federal courts "look to state law to determine if a claim is a compulsory

counterclaim, and, if so, the effect of a failure to raise such a claim." *Valley View Angus Ranch, Inc.*

*v. Duke Energy Field Servs., Inc.*, 497 F.3d 1096, 1100 (10th Cir. 2007).  Under Oklahoma law,

"failure to interpose a compulsory counterclaim in a prior action operates to preclude the claim in

---

[1]In a separate order issued this same date, the Court granted plaintiffs' Motion For Dismissal
Without Prejudice and dismissed without prejudice the following claims:  (1) slander/defamation;
(2) outrage; (3) intentional interference with business relationship; (4) false light invasion of
privacy; (5) fraud; (6) constructive fraud; (7) negligent misrepresentation; and (8) deceit.  In light
of the dismissal of these claims, the only claims remaining and at issue in Target's motion to dismiss
are plaintiffs' contract-related claims, breach of "good faith" claims, and intentional interference
with contract claims (the "Claims").

a subsequent action <u>only if final judgment on the merits was rendered in the prior action</u>." *Robinson*

*v. Texhoma Limestone, Inc.*, 100 P.3d 673, 677 (Okla. 2004) (emphasis added).

It is undisputed that final judgment on the merits has not been rendered as to Target's cross

claims against Jim's Maintenance asserted in the FLSA Lawsuits.  Accordingly, the Court finds that

Jim's Maintenance's failure to assert the Claims in the FLSA Lawsuits does not operate to preclude

the Claims in the instant action.  The Court, therefore, finds that the Claims should not be dismissed

based upon Jim's Maintenance's failure to assert them in the FLSA Lawsuits.

Target also asserts that even if the Claims are not dismissed as unpled compulsory

counterclaims, they should be dismissed because they have been asserted in the wrong forum.

Specifically, Target asserts that based upon the choice-of-forum provision included in the contracts

between Target and Jim's Maintenance, all of plaintiffs' claims related to the application or

interpretation of the contract are properly brought only in a Minnesota state court or the United

States Court for the District of Minnesota and must be dismissed from this action.

Forum selection clauses are classified as either mandatory or permissive.  "Mandatory forum

selection clauses contain[] clear language showing that jurisdiction is appropriate only in the

designated forum." *Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 321 (10th Cir. 1997)

(internal quotations omitted).  "In contrast, permissive forum selection clauses authorize jurisdiction

in a designated forum, but do not prohibit litigation elsewhere." *Id.* (internal quotations omitted).

The forum selection clauses at issue provides, in pertinent part:

> Contractor and Target hereby agree that any legal action or
> proceeding involving this Agreement <u>may</u> be brought in the courts of
> the State of Minnesota or the United States of America, District of
> Minnesota, and by execution and delivery of this Agreement,
> Contractor and Target hereby accept for themselves and in respect of
> their property the jurisdiction of the aforesaid courts.

Agreement attached as Exhibit A to Target's motion to dismiss at ¶ 19, and Agreement attached as

Exhibit B to Target's motion to dismiss at ¶ 13 (emphasis added).

As set forth above, the forum selection clauses at issue provide that any legal action may be

brought in certain courts.  "May" is "a word universally recognized as connoting permissiveness.

It is not a word of exclusion". *SBKC Serv. Corp. v. 1111 Prospect Partners, L.P.*, 105 F.3d 578, 582

(10th Cir. 1997).  In light of the language used in the forum selection clauses, the Court finds that

these clauses are permissive, not mandatory, forum selection clauses.  Accordingly, the Court finds

that the United States District Court for the Western District of Oklahoma is a proper forum for the

Claims.

Therefore, for the reasons set forth above, the Court DENIES Target's Motion for Partial

Dismissal [docket no. 14].[2]

**IT IS SO ORDERED this 24th day of September, 2009.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

---

[2]In light of the prior dismissal of plaintiffs' claim of outrage, the Court finds that Target's
Motion for Partial Summary Judgment is now MOOT.